**KELSO MARINE, INC., and the Travelers Insurance Company, Plaintiffs,**

v.

**Lee H. HOLLIS, Deputy Commissioner, Eighth Compensation District, and Isuaro P. Alvarado, Defendants.**

**Civ. A. No. 69–G–20.**

United States District Court, S. D. Texas, Galveston Division.

July 17, 1970.

**1272**

Charles B. Smith, Phipps, Smith, Alexander & Herz, Galveston, Tex., for plaintiff, Kelso Marine, Inc.

Ervin A. Apffel, Jr., McLeod, Alexander, Powell & Apffel, Galveston, Tex., for plaintiff, The Travelers Insurance Co.

Anthony J. P. Farris, U. S. Atty. and Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for defendant Lee H. Hollis, Deputy Commissioner.

William A. Petersen, Jr., Houston, Tex., for defendant, Isuaro P. Alvarado.

## MEMORANDUM AND ORDER:

NOEL, District Judge.

■ 1. This is an appeal action by plaintiffs, the employer and insurance carrier, to set aside a compensation award based on injuries to defendant Alvarado occurring in new construction of an unlaunched barge on a vertical lift or "Syncrolift" drydock on October 1, 1968. This Court's jurisdiction is based on 5 U.S.C. §§ 701–706 and 33 U.S.C. § 921(b) and its scope of review is limited. As in Unemployment Compensation Comm. v. Aragon, 329 U.S. 143, 153, 67 S.Ct. 245, 91 L.Ed. 136 (1946), the question is the application of a broad statutory term to a case where the agency administering the statute must determine it initially and to affirm we need not find the agency construction the only reasonable one nor one we would reach had the question first arisen in a judicial proceeding. All that is needed is that the agency construction have a reasonable basis in law. O'Keeffe v. Smith, etc., Associates, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1954); N. L. R. B. v. United Ins. Co., 390 U.S. 254, 260, 88 S.Ct. 988, 19 L.Ed.2d 1083 (1968), and its findings of fact be supported by substantial evidence in the record before the deputy commissioner.

2. The facts are not disputed. Kelso is engaged in building and repairing vessels. Kelso's Syncrolift drydock has the conventional transverse or lateral transfer tracks of an ordinary railway drydock or marine way. Instead of the conventional horizontal-inclined tracks extending out into the water for the haul-out and launching of vessels to be repaired or whose construction is finished, Kelso's facility has instead a vertical lift or elevator platform which raises and lowers vessels directly out of and into the water. The Syncrolift drydock is a new patented facility which has a series of electrically syncronized vertical hoists on each side of the elevator platform whereby its lifting capacity is multiplied so as to lift vertically vessels of several thousand tons dead weight.

3. At the place where Alvarado was injured, the lateral or transverse transfer tracks were 400 feet inshore from the water. The barge upon which he was working was partially resting upon railroad wheels which were upon the track. The barge was in the process of construction when Alvarado was injured.

■ 4. The deputy commissioner's findings and conclusions holding that 33

U.S.C. § 941 gave him jurisdiction over Alvarado's injury is supported by substantial evidence and is *one* reasonable interpretation of the act's coverage.

Accordingly, it is ordered that defendants' motions for summary judgment are granted and those of plaintiffs are denied.